## Duquesne Nat. Bank *v.* Williams, Executrix, Appellant.

*Practice—Supreme Court—Assignment of error.*

In an assignment of error to an answer to a point it is improper to include evidence and argument.

*Evidence to identify the matter of a written instrument.*

Parol evidence is admissible to give identity to the subject-matter of a written instrument.

In an action against a person who has agreed with a bank to guarantee notes if they were renewed, defendant offered the following letter : "As I am going out of town for some days, please let me know if the Diamond Coal Co. have satisfactorily arranged their paper." Indorsed on the letter was the word "yes" with the initials of the bank's cashier. Plaintiff offered to show that there had been further conversations with defendant as to the renewal of the notes, and that the question in the letter referred to a renewal and not to a payment of the notes. *Held,* that the evidence was properly admitted.

Argued Nov. 7, 1892. Appeal, No. 231, Oct. T., 1892, by defendant, Martha C. Williams, executrix of L. Halsey Williams, deceased, from judgment of C. P. No. 2, Allegheny Co., July T., 1891, No. 144, on verdict for plaintiff. Before PAXSON, C. J., WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit on guaranty of promissory notes.

At the trial, before EWING, P. J., plaintiff offered in evidence judgments against the Diamond Coal Co. on various promissory notes. The following correspondence was also offered:

"PITTSBURGH, Jany. 22, 1884.

"A. H. PATTERSON, ESQ.

"Dear Sir : The Diamond Coal Company ask that you extend for them all paper now held by you of theirs endorsed by Tomer & McKinley for three renewals of 4 mo. each as that paper matures without reduction and at 6 per cent.

" That the balance of the paper held by you be renewed once for four months at 6 per cent without any reduction and that all such paper be paid at the rate of 25 per cent on each renewal thereafter until paid in full with interest.

" The Diamond Coal Co. to deposit with you $10,000 stock of the East End Elevator Co. as collateral.

" Very Respectfully,<br>" L. H. WILLIAMS, Treas.

" Should the Diamond Coal Co. fail to pay in full as provided above or arrange the same to your satisfaction I will become personally responsible for any shortage.

" L. H. WILLIAMS."

" PITTSBURGH, Dec. 11th, 1885.

" DUQUESNE NATIONAL BANK.

" Please renew notes of the Diamond Coal Co. from time to time as you may be able to accommodate them and I will hold myself liable for such notes as heretofore.

" Yours &c.,<br>" L. HALSEY WILLIAMS."

Defendant also proved that the judgments were based upon renewals of notes held by plaintiff bank at the date of the original letter of guaranty. The only testimony on part of defendant was proof by plaintiff's witness, Patterson, the cashier of the bank, of the letter of June 3, 1886, and his reply thereto. The letter and reply are as follows:

" PITTSBURGH, 6–3–86.

" ALEX. PATTERSON, ESQ.

" Dear Sir: As I am going out of town for some days, please let me know if the Diamond Coal Co. have satisfactorily arranged their paper.              " Yours,

" L. H. WILLIAMS."

" Yes.—A. H. P."

Plaintiff offered evidence tending to show that the question asked in the letter of June 3 referred to a renewal of the notes which decedent had agreed to, and not to a payment of them by the Coal Company.

The court charged in part as follows:

" We instruct you that if there was a negotiation with Mr. Williams, who was also treasurer of the Diamond Coal Company, in which it was understood and agreed that there should be a part paid and a renewal of the balance, and that if he afterwards knew what had been done, namely, that there had 'been no security released and nothing done but a part payment made and the renewal of the notes with the same indorsers for another four months, and knew the fact that there had been no arrangement outside of the previous arrangement to renew the notes, then that [the letter and reply of June 3d] does not release him. It does not operate as a release of his guaranty, and your verdict should be for plaintiff for the amount of these notes. That is a question of fact, though, for the jury. The face of the paper throws the burden on the plaintiff of explaining it and showing what the actual situation is. It depends, then, on whether you believe the testimony of Mr. Patterson against the apparent face of this paper." [2]

Defendant's point appears by opinion of Supreme Court.

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1, 2) instructions, quoting them. ˙

*John F. Sanderson, Walter Lyon* and *Charles H. McKee* with him, for appellant, cited : Ludlow v. Simond, 2 Caine's Cas. 1 ; Miller v. Stewart, 9 Wheat. 681 ; Magee v. Ins. Co., 92 U. S. 98 ; Brandt, Suretyship, § 93 ; Esser v. Linderman, 71 Pa. 76 ; Harvey v. Vandegrift, 89 Pa. 346.

*Willis F. McCook*, for appellee.

PER CURIAM, January 3, 1893 :

The first specification alleges that the court below erred in refusing defendant's point. The point was as follows : " That under the undisputed evidence relating to the letter and reply of June 3, 1886, the verdict should be for defendant."

This specification of error, containing altogether six lines, is followed by three pages of the evidence and argument. All this would have been proper enough if embodied in the printed argument of the appellant, but it has no place in the specifications of error.

The defendant's point was properly refused.   The court below fairly left to the jury to find the subject-matter referred to in the letter and reply of June 3, 1886.   The legal effect of a written instrument is always for the court, and the court so held in this case, but whether the letter referred to the arrangement spoken of in the guarantee or to the arrangement for renewals, was a proper question to submit to the jury.   Parol evidence has always been held admissible to give identity to the subject-matter of a written instrument.

The remaining specification refers to a portion of the charge of the court.   A careful examination fails to disclose error.

Judgment affirmed.